# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                    )
                                          )       **JUDGE RICHARD L. SPEER**
Jeffrey Daniel Kunkelman                  )
                                          )       Case No. 08-36818
    Debtor(s)                         )
                                          )

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Motion of the United States Trustee to Dismiss Case for Abuse pursuant to 11 U.S.C. § 707(b)(1) and 11 U.S.C. § 707(b)(3). At the conclusion of the Hearing, the Court took the matter under advisement so as to afford time to thoroughly consider the issues raised by the Parties. The Court has now had this opportunity and finds, for the reasons set forth herein, that the Motion of the United States Trustee should be Granted.

## FACTS

The Debtor, Jeffrey Daniel Kunkelman (hereinafter the "Debtor"), is a single, middle-aged man with no dependents. On December 15, 2008, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In the schedules submitted with his petition, the Debtor disclosed one secured debt of $10,731.00 and unsecured debts totaling $18,628.53. Among his unsecured obligations, the Debtor disclosed a student-loan obligation for just over $4,000.00. This obligation, it was explained, was incurred by the Debtor to assist in the education of his adult son.

Just prior to filing for bankruptcy, the Debtor, after going through a period of unemployment, obtained a job as an "engineering specialist" in a city some distance from his current residence. Because of this, the Debtor currently maintains living quarters in two separate locations. Some extra costs, including that needed for storage, are incurred as the result of his living arrangement;

**In re: Jeffrey Daniel Kunkelman**
**Case No. 08-36818**

conversely, his living arrangement alleviates the need for the Debtor to travel long distances each day, thus saving on transportation costs. The Debtor is currently searching for permanent living accommodations in the city in which he maintains employment, but has encountered difficulties in finding a suitable place that will fit his budget.

The budgetary figures submitted by the Debtor show a gross month salary of $4,166.82. From this, the Debtor reports a monthly deduction of $1,155.98 for taxes and social security, leaving the Debtor $3,010.84 in net monthly income. A recent pay advice from the Debtor's employer, however, contradicts these figures.

First, the pay advice shows that, on a two-week basis, the Debtor has a gross salary of $2,083.41, amounting to a monthly salary of $4,514.05 per month. (Doc No. 24, Ex. #1). From this salary, $483.86 is deducted every two weeks for taxes and social security, totaling $1,048.36 per month. *Id.* Calculated again on a monthly basis,[1] the Debtor's pay advice shows a 'before-tax deduction' of $466.91. *Id.* Included in this pretax deduction, was an allocation of just over $270.00 per month to a savings/retirement account. *Id.* The pay advice submitted by the Debtor also shows an 'after tax deduction' of $223.92 per month which included another allocation of $180.57 to a savings/retirement account. *Id.*

After accounting for all deductions, the Debtor's pay advice shows a net monthly salary of $2,774.85. *Id.* Against his income, the Debtor submitted to the Court that he had $2,706.00 in necessary monthly expenses, leaving him with a nominal surplus in his monthly income of $68.85.

---

[1] To arrive at a monthly figure from a sum based on a two week period of time, the Court took the two-week sum, multiplied by 26, and then divided by 12.

Page 2

In re: Jeffrey Daniel Kunkelman
Case No. 08-36818

## DISCUSSION

This matter is before the Court on the Motion of the United States Trustee (hereinafter "UST") to Dismiss. Matters concerning the dismissal of a case, which affects both the ability of a debtor to receive a discharge and directly affects the creditor-debtor relationship, are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(J)/(O). As a core proceeding, this Court has been conferred with jurisdictional authority to enter a final order in this matter. 28 U.S.C. § 157(b)(1).

The Motion of the UST to Dismiss is brought pursuant to 11 U.S.C. § 707(b)(1) and 11 U.S.C. § 707(b)(3). These two provisions work together. First, § 707(b)(1) sets forth a foundation, providing for the dismissal of a debtor's case if it is determined that granting relief to a debtor under Chapter 7 of the Bankruptcy Code would be an abuse. In full, this provision states:

> (b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

Section 707(b)(3) then sets forth a methodology by which to assess the existence of abuse, providing:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider–
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for

Page 3

such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

In accordance with the two subparagraphs of § 707(b)(3), a finding of abuse, warranting the dismissal of a debtor's case under § 707(b)(1), may be predicated upon either (1) bad faith or (2) the totality of the circumstances. In citing to § 707(b)(3) as its basis for dismissal, no allegations were made by the UST, either in its Motion or at the Hearing, of "bad faith" as set forth in subparagraph (A). Instead, the UST relies exclusively on subparagraph (B), setting forth in its Motion to Dismiss that the "totality of the Debtors' financial circumstances demonstrates abuse due to the Debtor's ability to repay his unsecured debt in full." (Doc. No. 15, at pg. 3).

Consistent with the position advocated by the UST, a debtor's ability to repay their unsecured debts has developed to become a prime, and often dispositive consideration when determining whether, under the 'totality of the circumstances' standard of § 707(b)(3)(B), a case should be dismissed for abuse. *In re Brenneman*, 397 B.R. 866, 870-71 (Bankr. N.D.Ohio 2008). As observed by the Sixth Circuit Court of Appeals: dismissal for "abuse is intended to uphold creditors' interests in obtaining repayment where such repayment would not be a burden." *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989) (internal quotations omitted), *citing In re Kelly*, 841 F.2d 908, 914 (9th Cir.1988).

A debtor's ability to repay their debts is normally ascertained by reference to the amount of "disposable income" the debtor has available, and whether that income could adequately fund a Chapter 13 plan. *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 435 (6th Cir. 2004). For purposes of bankruptcy law, the term "disposable income" is defined, generally, as that income received by a debtor which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. *Id.,citing* 11 U.S.C. § 1325(b)(2). This assessment, as to the amount of "disposable income" available to a debtor, is made exclusively by the court, and is thus not

Page 4

**In re: Jeffrey Daniel Kunkelman**
**Case No. 08-36818**

dependent on the financial figures put forth by the debtor or any other party. *In re Gonzalez*, 378 B.R. 168, 173 (Bankr. N.D.Ohio 2007).

For its position that the Debtor has the ability to repay his debts, the UST relied heavily on the contributions the Debtor presently makes through his employer to a retirement/savings account. These contributions, according to the UST, have been improperly excluded by the Debtor from his 'disposable income,' and that when an adjustment is made to allow for the inclusion of these funds in his 'disposable income,' the Debtor's ability to repay his debts comes into light. The Court agrees.

This Court, while not adopting an absolute prohibition on the practice, has generally not permitted debtors to deduct against their 'disposable income' allocations made for retirement savings – *e.g.*, contributions made to a 401(k) or other like accounts. In *In re Blankenship*, this Court observed: "it would be unfair to allow a debtor to commit a part of their earnings to the payment of their own retirement fund while at the same time paying their creditors less than a 100% dividend." 398 B.R. 457, 461 (Bankr. N.D.Ohio 2008), *citing Harshbarger v. Pees (In re Harshbarger)*, 66 F.3d 775 (6th Cir. 1995) and *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434-35 (6th Cir. 2004).

In limited circumstances, however, contributions made for retirement savings may be permitted when calculating a debtor's 'disposable income' for purposes of § 707(b)(3). Particularly, if the debtor is at or near retirement age and has minimal savings for retirement. *In re Blankenship*, 398 B.R. 457, 461-62 (Bankr. N.D.Ohio 2008). These circumstances, however, do not appear to apply to the Debtor who, being middle age, still has presumably a sufficient number of years to accumulate resources for retirement. There also exists no evidence of other mitigating circumstances; for example, had the Debtor's health been raised as an issue in this case. Accordingly, in the absence of any mitigating circumstances, those contributions shown in the Debtor's pay advice, which are presently allocated to a savings/retirement account, must be included in the amount of 'disposable income' the Debtor has available to repay his unsecured creditors.

Page 5

In re: Jeffrey Daniel Kunkelman
Case No. 08-36818

These contributions total $450.57 per month, consisting of a pretax contribution of $270.00 and an after tax contribution of 180.57. Subtracting then $100.00 from this total, to account for the fact that $270.00 of his savings/retirement contribution is made on a pretax basis, provides the Debtor with approximately $350.00 in additional 'disposable income.' Taking the analysis now one step further, it can be concluded that this entire amount may be allocated to repay his unsecured creditors since the Debtor's own budgetary figures, which had shown a slight surplus in 'disposable income,' had entirely excluded his savings/retirement contributions from his 'disposable income' calculation.

In this case, the availability of $350.00 per month to repay his creditors, while certainly not a large amount, must be viewed from the perspective that granting relief to the Debtor under Chapter 7 of the Bankruptcy Code would be an abuse. The amount of $350.00, if allocated to a 60-month Chapter 13 plan of reorganization, would allow the Debtor to repay $21,000.00, an amount exceeding the Debtor's total unsecured debt of $18,628.53. In this regard, a debtor with an ability to repay 100% of their unsecured obligations through a Chapter 13 plan will necessarily find it very difficult to justify their need for relief under Chapter 7 of the Bankruptcy Code. *In re Parada*, 391 B.R. 492, 504 (Bankr. M.D.Fla. 2008).

At the same time, a debtor's ability to repay their debts will not always equate with an abuse under the totality circumstances standard of § 707(b)(3)(B). Instead, a debtor's ability to repay some portion of their debts is simply a component, albeit an important and possibly dispositive component, when assessing abuse under § 707(b)(3)(B). In this way, abuse may be found not to exist, despite a debtor having an ability to repay some portion of their debts, if other considerations mitigate against dismissal. *In re dePellegrini*, 365 B.R. 830, 832 (Bankr. S.D.Ohio 2007). Conversely, a debtor with no amount or a marginal level of disposable income may still have their case dismissed for abuse under § 707(b)(3)(B) if the totality of the debtor's financial situation so warrants. *In re Walker*, 383 B.R. 830, 839 (Bankr. N.D.Ga 2008).

Page 6

In re: Jeffrey Daniel Kunkelman
Case No. 08-36818

As the basis for his need for relief under Chapter 7 of the Bankruptcy Code, the Debtor set forth that "the US Trustee's Motion to Dismiss does not take into consideration the 'unsettled' nature of the Debtor's life." (Doc. No. 18). Specifically, the Debtor called attention to the fact that he recently went through a period of unemployment, and that after finding a new job, his life is still in limbo because he has been unable to find adequate living accommodations near his employer, thus necessitating that he maintain what is, in essence, two separate residences. The Court, however, while it appreciates the Debtor's present situation, and applauds the Debtor's wherewithal in obtaining a job in today's economic environment, is not persuaded that the Debtor's present circumstances warrant disregarding his ability to pay most, if not all of his unsecured debt. A few points in this regard are in order.

First, there is nothing to indicate that the 'unsettled' condition of the Debtor's life will continue in perpetuity. In this way, there is no reason to doubt that the Debtor will, in time, be able to find adequate living accommodations near his employer. Chapter 13 plans of reorganization allow for flexibility. Thus, during the interim, while the Debtor's life is 'unsettled,' any plan of reorganization put forth by the Debtor could be drafted in such a way so as to account for his present circumstances.

Second, even in the absence of his saving/retirement contributions, the Debtor's present budgetary figures show a slight surplus in 'disposable income.' Thus, funding a Chapter 13 plan should not appreciably interfere with the Debtor's present budget given that the approximately $350.00 in monthly 'disposable income' available to the Debtor is not presently allocated to pay for any of his necessary monthly expenses. Finally, it would appear that the Debtor's budget now accounts for a $50.00 per month payment to service the $4,000.00 educational debt for which he is liable. Potentially then, any plan of reorganization put forth by the Debtor would only need to account for his remaining unsecured debt, totaling between $14,000.00 and $15,000.00.

Page 7

In re: Jeffrey Daniel Kunkelman
Case No. 08-36818

In conclusion, the Court, based upon the facts before it, finds that the Debtor has the ability to repay most, if not all of his unsecured debts. As such, with no compelling circumstances indicating to the contrary, the Court holds that, under the 'totality of the circumstances' test set forth in 11 U.S.C. § 707(b)(3)(B), granting relief to the Debtor would be an abuse for purposes of 11 U.S.C. § 707(b)(1). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Clerk, United States Bankruptcy Court, is directed to prepare for presentation to the Court an order of dismissal under 11 U.S.C. § 707(b)(1) if, at the opening of business on Friday, September 18, 2009, this case is still proceeding under Chapter 7 of the United States Bankruptcy Code.

*IT IS FURTHER ORDERED* that, subject to the Debtor's election to convert this case, the Motion of the United States Trustee to Dismiss under 11 U.S.C. § 707(b)(1) and § 707(b)(3), be, and is hereby, GRANTED.

Dated: September 2, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

# CERTIFICATE OF SERVICE

Copies were mailed this 2nd day of September, 2009 to:

Jeffrey Daniel Kunkelman
2705 N Main St Ste 140
Findlay, OH 45840

Patti Baumgartner-Novak
612 S Main St, #104
Findlay, OH 45840

Ericka S Parker
33 S. Michigan, #203
Toledo, OH 43604

Ronna Jackson
Office of the US Trustee
201 Superior Ave, #441
Cleveland, OH 44114

          /s/Diana Hernandez
         Deputy Clerk, U.S. Bankruptcy Court